■ Zvi Mor, Appellant, v Gary Fastow, Also Known as Gershon Fastow, et al., Respondents. [819 NYS2d 560]—

In an action for specific performance of an alleged agreement to transfer a deed to real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated August 22, 2005, which granted the defendants' motion for summary judgment dismissing the complaint and for summary judg-

ment on their counterclaim to cancel and discharge a mortgage dated December 6, 1991, encumbering the subject premises.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was to dismiss the complaint, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The defendants purchased the subject premises from Smith Regency Corp. (hereinafter Smith Regency) on December 6, 1991. As part of the consideration for the sale, the defendants executed and delivered to Smith Regency a note in the amount of $179,250, secured by a mortgage on the subject premises. The underlying debt became due and payable in full on December 6, 1996.

On September 26, 1996, the defendants advised Smith Regency in writing that they would not repay the outstanding balance on the mortgage loan. They offered, however, to transfer the subject premises "forthwith" to Smith Regency, by way of deed in lieu of foreclosure, in full satisfaction of the underlying debt.

On or about July 30, 1998, Smith Regency allegedly assigned the mortgage to the plaintiff, Zvi Mor. In entering into that transaction, Mor allegedly relied on the defendants' prior written offer to execute a deed in lieu of foreclosure in full satisfaction of the underlying debt. Documents produced by the plaintiff indicate that, by December 30, 1998, Mor and the defendants had finalized the essential terms of a proposed deed in lieu of foreclosure, and the defendants had offered in writing to execute and deliver such a deed in escrow to the title company, to be released "upon receiving satisfactory evidence that [the plaintiff] is the current and sole mortgagee."

Contrary to the defendants' contention, the foregoing documentation—which sets forth all of the essential terms of the proposed transfer—was sufficient to satisfy the requirements of the statute of frauds (see General Obligations Law § 5-703 [1]). Although no binding agreement to transfer the subject premises to Mor was established absent proof that Mor subsequently accepted the defendants' written offer, such acceptance could have been made orally without the agreement running afoul of the statute of frauds (see *Tymon v Linoki,* 16 NY2d 293, 296 [1965]; *Fox v Hawkins,* 150 App Div 801, 804 [1912]; *Bristol v Mente,* 79 App Div 67 [1903], *affd* 178 NY 599 [1904]). As there are issues of fact as to whether the plaintiff orally accepted the defendants' written offer to transfer the subject premises in satisfaction of the underlying debt, that branch of

the defendants' motion which was for summary judgment dismissing the complaint should have been denied.

The parties' remaining contentions are without merit. Florio, J.P., Crane, Ritter and Fisher, JJ., concur.